Richard J. TEAL and Tina Teal,
Plaintiffs-Appellants,

v.

E.I. DuPONT de NEMOURS AND
COMPANY, Defendant-Appellee.

No. 82–5466.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 25, 1983.

Decided March 7, 1984.

Robert L. Estes, Stewart, Estes & Donnell, Nashville, Tenn., William B. Vest (argued), Vest & Fentress, Hendersonville, Tenn., for plaintiffs-appellants.

John S. Bryant (argued), Bass, Berry & Sims, Nashville, Tenn., for defendant-appellee.

Before JONES and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge.

Richard and Tina Teal (plaintiffs-appellants) brought this diversity action against E.I. DuPont deNemours and Company (defendant-appellee) to recover for injuries sustained as a consequence of an accident that occurred at DuPont's plant in Old Hickory, Tennessee.[1] At the conclusion of a five day jury trial, a verdict was returned in favor of DuPont. On appeal, appellants raise two issues which merit discussion.[2] First, appellants claim that the trial court erred by instructing the jury that a landowner owes no duty to invitees to furnish protection against hazards on the landowner's premises. Second, appellants assert that the trial court erred by refusing to instruct the jury on the issue of negligence *per se.* Although the instruction concern-

---

1. Tina Teal, Richard Teal's wife, joined in this action to recover for the loss of her husband's services.

2. Appellants raise a number of other issues on appeal. Upon full consideration of the arguments, we hold that none of the remaining assignments of error warrant reversal.

ing a landowner's duty to invitees is ambiguous, we conclude that such ambiguity is harmless. We hold, however, that the court's refusal to instruct the jury on the issue of negligence *per se* was improper and prejudicial. Accordingly, this case is affirmed in part, reversed in part and remanded for a trial solely on the issue of negligence *per se.*

The Daniel Construction Company (Daniel Construction) entered into a contract with DuPont to dismantle and remove hydraulic bailers from DuPont's plant. The bailers occupied three floor levels within the plant and were used to compress synthetic Dacron ® fiber. Hydraulic "rams" provided the force necessary to compress the fiber. The rams were located below the ground floor in a "bailer pit", access to which was provided by a straight and permanently affixed ladder. On March 14, 1979, Richard Teal, an employee of Daniel Construction, fell approximately seventeen feet from the ladder to the floor of the bailer pit. Richard Teal brought this action against DuPont alleging that his fall and injuries were the direct and proximate result of DuPont's negligence.[3]

One of appellant's negligence theories concerned DuPont's duty to invitees to "furnish protection against dangers" on DuPont's property. Initially, the trial court instructed the jury that a landowner's duty to invitees is "to give warning of, or use ordinary care to furnish protection against such dangers to employees of the contractor who are without actual or constructive notice of the dangers." After the jury had retired for deliberations, it requested additional instructions. Specifically, the jury asked the following question:

Do DuPont employees wear safety belts on ladders: was it DuPont's responsibility to see that Richard Teal wore a safety belt?

The trial court again instructed the jury that a landowner owes a duty to invitees "to give warning of or use ordinary care to furnish protection against" dangers on the landowner's property. The court further instructed the jury, however, that "an owner or occupant of land who has an independent contractor or who employs employees to perform work owes a duty to warn of hazards, but he is not under a duty to specify the manner in which those hazards should be avoided." Appellants claim that the latter instruction is erroneous.

Appellants' second argument concerns their negligence *per se* claim. During the course of the trial, appellants introduced evidence which indicated that DuPont's ladder failed to conform to federal regulations promulgated pursuant to the Occupational Safety and Health Act of 1970. 29 U.S.C. Sec. 651 *et seq.* Specifically, OSHA regulations require a clearance of not less than seven inches "from the centerline of the rungs, cleats or steps to the nearest permanent object in back of the ladder." 29 C.F.R. Sec. 1910.27(c)(4). The uncontroverted testimony of Robert B. Taylor, a director of the Division of Occupational Safety and Health for the Tennessee Department of Labor, indicated that the ladder failed to conform with the seven inch clearance requirement. Because DuPont had breached a regulatory obligation, appellants requested the trial court to instruct the jury on the issue of negligence *per se.* The trial court refused; instead, it informed the jury that the OSHA regulation "may be considered . . . as some evidence . . . of the (appropriate) standard of care." Appellants claim that the district court's refusal to charge on the issue of negligence *per se* is reversible error.

■ When a federal court's jurisdiction is based solely on diversity of citizenship, the federal court must apply state law. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817,

---

**3.** In their complaint, appellants assert that DuPont acted negligently by failing to warn of latent dangers on DuPont's premises. Alternatively, appellants claim that DuPont breached its duty to protect against dangers in its plant. Additionally, appellants assert that DuPont failed to provide a safe place to work, failed to provide safe equipment and proper safety devices, and failed to inspect properly its equipment. Finally, appellants allege that DuPont's breach of an OSHA regulation is negligence *per se.*

82 L.Ed. 1188 (1938). In this case, the law of Tennessee is the substantive law to be applied.

Although state law determines the substance of jury instructions in a diversity of citizenship case, federal law governs our standard of review for determining whether a jury instruction is prejudicial. *E.g., Hrzenak v. White-Westinghouse Appliance Co.,* 682 F.2d 714, 719 (8th Cir.1982); *Wright v. Albuquerque Auto-Truck Stop Plaza, Inc.,* 591 F.2d 585, 587 (10th Cir. 1979). Generally, a charge that contains an inaccurate or ambiguous statement does not constitute reversible error if the inaccuracy or ambiguity is unlikely to mislead the jury. *E.g., Vicksburg Furniture Mfg., Ltd. v. Aetna Cas. and Sur. Co.,* 625 F.2d 1167, 1169 (5th Cir.1980). In determining whether an isolated clause in the jury instructions is likely to have misled the jury, a reviewing court must consider the entire charge. *E.g., Blackwell v. Sun Electric Corp.,* 696 F.2d 1176, 1181 (6th Cir.1983); *Haislah v. Walton,* 676 F.2d 208, 212 (6th Cir.1982); *Hrzenak v. White-Westinghouse Appliance Co.,* 682 F.2d 714, 719 (8th Cir.1982). Thus, the critical inquiry is whether the instructions as a whole provide the jury with sufficient guidance concerning the issues to be tried. Consistent with these principles, we address appellant's first assignment of error.

Appellants argue that the trial court's instruction that a landowner "owes a duty to invitees to warn of hazards, but need not specify the manner in which those hazards should be avoided," states imprecisely the law of Tennessee. According to appellants, the jury could have interpreted this instruction to mean that a landowner *never* owes a duty to invitees to furnish protection against hazards by specifying ways to avoid particular dangers. Such an interpretation is inconsistent with established case law. A landowner's duty to invitees is defined in the disjunctive: a landowner must either warn invitees of hazards on his premises, *or* furnish protection against such dangers. *E.g., Jackson v. Tennessee Valley Authority,* 413 F.Supp.

1050, 1056 (M.D.Tenn.1976). In other words, a landowner owes a duty to invitees to furnish protection against hazards only if he fails to warn of the hazards. We agree with appellant's assertion that the trial court's statement to the jury is ambiguous. We disagree with appellant's claim, however, that the instructions failed to provide the jury with sufficient guidance concerning a landowner's alternative duties to invitees.

In our view, the jury instructions as a whole informed the jury sufficiently of Du-Pont's alternative duty to invitees to furnish protection against dangers on its premises. In its initial charge, the trial court instructed the jury that a landowner's duty to invitees is "to give warning of, *or* use ordinary care to furnish protection against" dangers. Clearly, this instruction states correctly a landowner's duty to invitees. Thereafter, the jury requested further instructions. In response to the jury's questions, the trial court again informed the jury that a landowner's duty to invitees is "to give warning of, *or* use ordinary care to furnish protection against" dangers on the landowner's premises. In light of these instructions, we doubt that the jury was misled by the trial court's ambiguous statement. In all likelihood, the jury interpreted the disputed statement to mean that if a landowner warns of a hazard, he owes no *further* duty to specify the manner in which the hazard should be avoided. In short, we believe that the instructions as a whole were sufficient to inform the jury of the issues to be tried. Accordingly, we hold that the trial court's ambiguous statement of law is harmless error. In this respect, the jury's verdict is affirmed.

The second issue on appeal concerns the trial court's refusal to instruct the jury on the issue of negligence *per se.* Pursuant to Tennessee case law, a breach of a duty imposed by statute or regulation is negligence *per se* if the party injured is a member of the class of persons the statute or regulation was intended to protect. *E.g., Alex v. Armstrong,* 215 Tenn. 276, 385 S.W.2d 110 (1964); *Taylor v. Coburn,* 597

S.W.2d 319, 322 (Tenn.App.1980); *Berry v. Whitworth,* 576 S.W.2d 351, 353 (Tenn.App. 1978). In this case, the parties agree that Richard Teal was, at the time of the accident, an employee of Daniel Construction, an independent contractor, and that Teal fell from a permanently affixed ladder in DuPont's plant. Further, the parties agree that the OSHA regulation established a duty owed by DuPont and that DuPont breached its duty to conform with the specifications of the regulation.[4] Accordingly, the primary dispute is whether an employee of an independent contractor is a member of the class of persons that the OSHA regulation was intended to protect.

DuPont argues that the stated purposes for the Occupational Safety and Health Act of 1970 reveal that Congress did not intend to impose a duty upon employers to protect the safety of an independent contractor's employees who work in the employer's plant. In support of this proposition, DuPont relies upon the plain language of the Act which provides that "each employer shall furnish to each of *his* employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to *his* employees." 29 U.S.C. Sec. 654(a)(1) (emphasis added). Although DuPont's legal position is not without support, *see Melerine v. Avondale Shipyards, Inc.,* 659 F.2d 706 (5th Cir.1981), we believe that an employer's duty to comply with OSHA regulations is broader than DuPont suggests.

Congress' primary purpose for enacting the Occupational Safety and Health Act is "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C. Sec. 651(b). To further this primary goal, Congress imposed statutory duties on employers and employees.[5] Under the Act, an employer's duty is two-fold:

> Each employer—
> (1) Shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;
> (2) Shall comply with Occupational Safety and Health standards promulgated under this chapter.

29 U.S.C. Sec. 654(a). The first duty is a "general duty" imposed on an employer to protect its employees from hazards that are likely to cause death or serious bodily injury. The second duty is a "specific duty" imposed on employers to comply with the OSHA regulations. These separate duty clauses have been subject to varying interpretations. *Compare, Beatty Equipment Leasing, Inc. v. Secretary of Labor,* 577 F.2d 534, 536–37 (9th Cir.1978); *Marshall v.*

---

4. DuPont concedes that it breached the regulatory obligation. DuPont argues, however, that its breach is *"de minimus"*, and, thus, that the variance from the clearance specifications established by 29 C.F.R. Sec. 1910.27(c)(4) is not negligence *per se.* In contrast, appellants claim that even a slight variation from standards established by regulation is negligence *per se.* Furthermore, appellants argue that the trial court erred by permitting any testimony which characterized DuPont's breach of duty as *"de minimus."* We agree with appellants' assertion that a *de minimus* breach of a statutory or regulatory duty is negligence *per se.* We disagree, however, with appellants' claim that the court permitted improperly testimony concerning the *de minimus* nature of DuPont's breach of duty.

If the plaintiff proves that the defendant breached a statutory or regulatory obligation, and that the statutory or regulatory duty was enacted for the plaintiff's benefit, then the defendant is considered negligent as a matter of law. A determination that the defendant is negligent *per se,* however, does not require necessarily an award of damages. Negligence *per se* only establishes a defendant's duty and breach thereof. The question whether the breach of the duty is a proximate cause of a plaintiff's injury and the question concerning the extent, if any, of injury are jury questions that survive a determination that the defendant is negligent *per se.* In our view, testimony that a defendant's breach of duty is *de minimus* concerns the issue of proximate cause, and thus, is admissible.

5. Pursuant to 29 U.S.C. Sec. 654(b), every employee owes a duty to "comply with occupational safety and health standards and all rules, regulations, and orders issued pursuant to the Act which are applicable to his own actions and conduct."

*Knutson Construction Co.,* 566 F.2d 596, 599–600 (8th Cir.1977); *Brennan v. OSHRC,* 513 F.2d 1032, 1036–39 (2d Cir.1975); *Anning-Johnson Co. v. OSHRC,* 516 F.2d 1081, 1091 (7th Cir.1975) (dictum); *with Melerine v. Avondale Shipyards, Inc.,* 659 F.2d 706, 710–11 (5th Cir.1981); *Brennan v. Gilles & Cotting, Inc.,* 504 F.2d 1255 (4th Cir.1974).

The difficulty which courts have experienced in attempting to define a particular employer's responsibilities under the Act is due primarily to the varying nature of the separate duty provisions. The general duty clause was intended by Congress to cover unanticipated hazards; Congress recognized that it could not anticipate all of the potential hazards that might affect adversely the safety of workers. Accordingly, it enacted the general duty clause to cover serious hazards that were not otherwise covered by specific regulations. *Southern Ohio Building Systems, Inc. v. OSHRC,* 649 F.2d 456, 458 (6th Cir.1981). Pursuant to Sec. 654(a)(1), every employer owes a duty of reasonable care to protect his employees from recognized hazards [6] that are likely to cause death or serious bodily injury. The protection from *exposure* to serious hazards is the primary purpose of the general duty clause, *e.g., Anning-Johnson Co. v. United States O.S. & H.R. Com'n,* 516 F.2d 1081, 1086 (7th Cir.1975), and *every* employer owes this duty regardless of whether it controls the workplace, whether it is responsible for the hazard, or whether it has the best opportunity to abate the hazard.[7] In contrast, Sec. 654(a)(2) is the specific duty provision. The class of employers who owe a duty to comply with the OSHA regulations is defined with reference to control of the workplace and opportunity to comply with the OSHA regulations. Accordingly, an employers' responsibilities under the Act depend upon which duty provision the employer is accused of breaching. Similarly, the class of persons for whom each of these duty provisions was enacted must be determined with reference to the particular duty in dispute.

In this case, DuPont is accused of breaching the specific duty imposed on employers by Sec. 654(a)(2). Accordingly, DuPont's reliance on the plain language of the general duty clause is misplaced.[8] The very narrow question on appeal does not concern the scope of an employer's general duty to protect employees from exposure to recognized hazards, but rather, the scope of an employer's duty to comply with the specific OSHA regulations. If the special duty provision is logically construed as imposing an obligation on the part of employers to protect *all* of the employees who work at a particular job site, then the employees of an independent contractor who work on the premises of another employer must be considered members of the class that Sec. 654(a)(2) was intended to protect. In other words, one cannot define the scope of an employer's obligation under Sec. 654(a)(2) as including the protection of another's employees and, at the same time, claim that these "other" employees are unintended beneficiaries.

We believe that Congress enacted Sec. 654(a)(2) for the special benefit of *all* employees, including the employees of an independent contractor, who perform work at another employer's workplace. The specific duty clause represents the *primary* means for furthering Congress' purpose of assuring "so far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C. Sec. 651(b). (Emphasis added). The broad remedial nature of the Occupational Health

---

6. In order to establish a violation of the general duty clause, the Secretary of Labor must prove that there was a hazard, that the employer knew or should have known of the hazard, and that the hazard was causing or was likely to cause death or serious bodily injury. *E.g., Southern Ohio Building Systems, Inc. v. OSHRC,* 649 F.2d 456, 458 (6th Cir.1981); *Empire—Detroit Steel v. OSHRC,* 579 F.2d 378, 383 (6th Cir.1978).

7. Of course, an employer is not responsible under Sec. 654(a)(1) unless abatement of the hazard is possible. *Empire—Detroit Steel v. Occupational Safety,* 579 F.2d 378, 384 (6th Cir.1978).

8. We do not decide whether Congress enacted the general duty clause for the sole benefit of an *employer's* employees.

and Safety Act of 1970 is the Act's primary characteristic. *E.g., Southern Ohio Building Systems, Inc. v. OSHRC,* 649 F.2d 456, 458 (6th Cir.1981); *Marshall v. Whirlpool Corporation,* 593 F.2d 715, 722 (6th Cir. 1979). Consistent with the broad remedial nature of the Act, we interpret the scope of intended beneficiaries of the special duty provision in a broad fashion. In our view, once an employer is deemed responsible for complying with OSHA regulations, it is obligated to protect every employee who works at its workplace. *See, e.g., Marshall v. Knutson Construction Co.,* 566 F.2d 596, 599 (8th Cir.1977) (duty of general contractor extends to protection of all employees). Thus, Richard Teal, an employee of an independent contractor, must be considered a member of the class of persons that the special duty provision was intended to protect.

As we have indicated, Tennessee case law establishes that the breach of a duty imposed by regulation is negligence *per se* if the plaintiff is a member of the class of persons which the regulation was intended to protect. DuPont concedes that it owed a duty to comply with the OSHA regulation in question and that it breached this duty. Because Richard Teal is a member of the class of persons that the OSHA regulation was intended to protect, the appellants were entitled to a jury instruction on their negligence *per se* claim. Accordingly, we hold that the district court erred by refusing to give the requested instruction on the issue of negligence *per se.*

The district court's decision is affirmed in part, reversed in part and remanded for proceedings not inconsistent with this opinion.