849 F.2d 1476
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jack C. KRUEGER and Mariann Krueger, husband and wife,
Plaintiffs-Appellants,
v.
VAAGEN BROTHERS LUMBER, INC., and Elmer A. Lindor,
Defendants-Appellees.
 
 1
 No. 87-3778.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted March 8, 1988.
Decided June 9, 1988.
 
 3
 Before TANG and CANBY, Circuit Judges, and JESSE W. CURTIS**, District Judge.
 
 
 4
 MEMORANDUM*
 
 
 5
 This is an appeal by Jack C. Krueger and Mariann Krueger from a judgment of the district court and its denial of their motion for a new trial grounded upon the contention that the district court failed to properly instruct the jury on the duties of an employer under the Washington Industrial Safety and Health Act of 1973 (WISHA), and the regulations promulgated thereunder. We reverse and remand for a new trial.
 
 FACTS
 
 6
 This cause of action arose from injuries received by plaintiff-appellant Jack Krueger at the lumber mill of the defendant Vaagen Brothers Lumber, Inc. when he either fell or was knocked off of his truck while assisting in the process of loading bundles of lumber. Krueger was a long-haul truck driver residing in Waterloo, Iowa and was not an employee of the defendant, but appears to have been a business "invitee" at the time of the accident. The loading of his truck involved the efforts of Jack Krueger and one Lindor, the operator of a forklift and an employee of the defendant, by which means the bundles of lumber were lifted up to the truck for Krueger to place in some appropriate arrangement.
 
 
 7
 The cause of the accident is in dispute. Krueger testified that he was standing on top of the loaded bundles at the rear of the truck watching Lindor attempt to place the second bundle on the top row. Lindor could not get the forklift out from underneath the bundle because the spreaders were in the wrong position. Lindor then moved the forklift away and Krueger moved forward to rearrange the spreaders so that the forks of the forklift could be withdrawn after the bundle was set. According to Krueger, Krueger was adjusting the spreaders, Lindor moved forward without warning, knocking him off the truck.
 
 
 8
 Lindor testified that after the second bundle of lumber was centered on top of the truck he held it there for Krueger to come along side the bundle and adjust the spreaders underneath. He claimed that when Krueger went forward he must have fallen when he was positioning the spreaders.
 
 
 9
 Lindor acknowledged that no one at Vaagen Brothers had given him any guidance or training regarding the loading of the upper layers of the lumber on trucks. Mr. Martin, the plant manager for Vaagen Brothers Lumber, testified that there was no written policy regarding the loading of lumber on trucks and that the only unwritten policy was that the forklift driver was not to move unless the driver was in view.
 
 
 10
 Krueger sued, claiming Vaagen Brothers was negligent in violating it's duty to comply with safety procedures mandated by the WISHA regulations.
 
 ANALYSIS
 
 11
 This being a case of diversity jurisdiction we apply the law of the State of Washington, and the Washington Industrial Safety and Health Act of 1973 (WISHA) is the applicable statute. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).
 
 
 12
 WISHA, like its federal counterpart the Occupational Safety and Health Act (OSHA), establishes an employer's duty as twofold. Each employer:
 
 
 13
 (1) Shall furnish to each of his employees a place of employment free from recognized hazards that are causing or likely to cause serious injury or death to his employees ...; and
 
 
 14
 (2) Shall comply with the rules, regulations, and orders promulgated under this chapter.
 
 
 15
 Wash.Rev.Code Sec. 49.17.060.
 
 
 16
 The courts have interpreted paragraph (1) of this WISHA provision as creating what has been characterized as a "general duty" to provide a working place free from recognized hazards. Goucher v. J.R. Simplot Co., 104 Wash.2d 662, 709 P.2d 774, 779 (1985). In addition, this "general duty" extends only to employer's own employees. Id. at 779-80.
 
 
 17
 Paragraph (2) of RCW 49.17.060 has been construed as authorizing the promulgation of regulations to implement the WISHA statute. Id. at 779. All such regulations have been characterized as "specific duty" requirements. Id. The regulations require the employer to provide certain safeguards for the safety of all persons working on the property whether they be employees or not. Ward v. CEOC Corp., 40 Wash.App. 619, 699 P.2d 814, 817 (1985).
 
 
 18
 Plaintiff contends that he was injured as a result of Vaagen Brothers' violation of a "specific duty" regulation and that he is therefore within the class of protected persons. As such, he asserts that he was entitled to have had the jury instructed as to the specific WISHA regulations he claimed were violated.
 
 
 19
 The instruction which the plaintiff offered, and which the court refused to give, was taken verbatim from the WISHA regulations promulgated under the authority of paragraph (2) of the Act and reads as follows:
 
 
 20
 The violation, if you should find any, of a statute or regulation is negligence as a matter of law. Such negligence has the same effect as any other act of negligence.
 
 
 21
 The following numbered paragraphs are safety regulations in the State of Washington regarding job site safety, which by law Vaagen Bros. must comply with. You are also instructed that, by law, any workman lawfully on the job site is an "employee," even if he is working for some other employer; meaning that, for purposes of these regulations, Vaagen Bros, Inc., is an employer and Krueger is an employee. Additionally, "employer" is the same as "management."
 
 
 22
 1. Regarding loading of lumber, units or loads of lumber shall not be lifted or moved until all workers are in the clear.[1]
 
 
 23
 2. It shall be the responsibility of management to establish and supervise:
 
 
 24
 (a) A safe and healthful working environment.
 
 
 25
 3. Every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe. Every employer shall do every other thing reasonably necessary to protect the life and safety of employees.
 
 4. No employer shall fail or neglect:
 
 26
 (a) To provide and use safety devices and safeguards.
 
 
 27
 (b) To adopt and use methods and processes reasonably adequate to render the employment and place of employment safe.
 
 
 28
 (c) To do every other thing reasonably necessary to protect the life and safety of employees.
 
 
 29
 The district court refused the offered instruction on the theory that since the regulation referred to was couched in general language it did not create a specific duty, and since it only created a general duty it did not extend to the plaintiff, a non-employee.
 
 
 30
 The precise issue before us is whether the WISHA regulations, to the extent they are couched in general terms, create a "general duty" which extends protection only to an employer's actual employees or whether such regulations, promulgated as they are under the authority of the "specific duty" provision of the Act, provide protection to business invitees as well?
 
 
 31
 This precise question was recently faced by the Washington Supreme Court in Goucher, supra. In that case, Goucher, a truck driver for a trucking concern, was dispatched to deliver a load of anhydrous ammonia to a chemical fertilizer retail outlet operated by Simplot. After citing Wash.Rev.Code Sec. 49.17.060, the court said:
 
 
 32
 Under this Act an employer's duty is two-fold. The first is a "general duty" imposed on an employer to protect its employees from hazards that are likely to cause death or serious bodily injury. The second is a "specific duty" imposed on employers to comply with the WISHA regulations.
 
 
 33
 Goucher, 709 P.2d at 779. After pointing out that the federal counterpart of this statute has been subject to varying interpretations, the court concluded:
 
 
 34
 The rationale of Teal v. E.I., DuPont de Nemours & Co., 728 F.2d 799 (6th Cir.1984), persuades us that WISHA regulations should be construed to protect not only an employer's own employees but all employees who may be harmed by the employer's violation of the regulations.
 
 
 35
 Id. at 780 (emphasis in original). The Teal court had held that:
 
 
 36
 an employer's responsibilities under the act depend upon which duty provision the employer is accused of breaching, and that the class of persons for whom each of the duty provisions was enacted must be determined with reference to the particular duty in dispute. When a party relies on the general duty clause, only those parties who are employees of the employer are protected. On the other hand, when a party relies on the specific duty clause on the ground that the employer failed to comply with the particular OSHA standard or regulation, then all of the employees who work on the premises of another employer are members of the protected class. Teal 728 F.2d 804.
 
 
 37
 Goucher at 780 (emphasis in original).
 
 
 38
 The Goucher court found the reasoning in Teal to be persuasive and held that the plaintiff there, by alleging the violation of a particular WISHA regulation, was a member of the protected class. Id.[2]
 
 
 39
 In interpreting Goucher and Teal as it did, we believe the district court misread their true holding. These cases point out the two-fold nature of the employer's duty, distinguishing the duty created by the "general duty" clause and the duty created by the regulations promulgated under the section of the Act designated as the "specific duty" clause. If one claims a violation of a duty created by the "general duty" clause he must be an employee of the defendant to recover. If one claims a violation of a duty created by the regulations, a non-employee is included within the protected class. In other words, an employer's duty depends upon the section of the Act which creates the duty and not upon the manner in which the duty is phrased or described.
 
 
 40
 In this case, Krueger's claims of negligence are based upon Vaagen Brothers' violation of the regulations, regulations promulgated under the authority of the "specific duty" clause of the Act. This being so, although not an employee of Vaagen Brothers, he was a business invitee and as such was a member of the protected class and was entitled to have the jury instructed as to the nature and scope of the duty. To refuse such instruction was error.
 
 
 41
 Accordingly, we REVERSE and REMAND.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 **
 The Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 This portion of the instruction was given by the court
 
 
 [2]
 See contra Straw v. Esteem Construction, 45 Wash.App. 869, 728 P.2d 1052 (1986)