875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Larry McCARTER, Defendant-Appellee.
 Nos. 88-6004, 88-6293.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before ENGEL, Chief Judge, and NATHANIEL R. JONES, Circuit Judge, and GEORGE E. WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Larry McCarter, appeals his jury conviction for conspiracy to distribute, possession with the intent to distribute and distribution of cocaine. For the reasons which follow, we affirm.
 
 I.
 
 2
 On three separate occasions in April and May of 1988, police undercover agents and a police informant contacted Danny Phillip Cox to inquire about purchasing cocaine. Although Cox did not have any cocaine in his possession, he stated that he could get the drugs from another source. Cox told the police undercover agents that he was addicted to diluadid and he claims that the agents helped him obtain, and watched him consume, various illegal drugs. In addition, Cox contends that the agents supplied him with illegal drugs in exchange for his help in arranging cocaine transactions for them. He further maintains that the agents helped him shoplift in order to support his drug habit.
 
 
 3
 Preceding each of the alleged drug sales, Cox telephoned McCarter and arranged a meeting for McCarter and the agents to complete the drug sale. Cox claims that the agents forced him to arrange the cocaine sales and that the police informant instructed him to add approximately two ounces of "filler" to the cocaine involved in the last transaction. Although McCarter supplied the cocaine on all three occasions, the agents were not aware of McCarter's identity until after the second drug sale. Moreover, the agents were never able to directly contact McCarter and McCarter refused to deal with them one-on-one during the actual drug exchanges.
 
 
 4
 As a result of these transactions, McCarter was indicted for conspiracy, possession and distribution of cocaine. Although Cox was indicted with McCarter, he pled guilty to one count of the six count indictment pursuant to a plea bargaining agreement. He was sentenced to thirty-three (33) months imprisonment. A jury ultimately found McCarter guilty of all six counts of the indictment. On appeal, McCarter charges that the evidence was insufficient to support his conspiracy conviction, that the government's conduct in this case deprived him of due process of law, that the district court erred in admitting the cocaine evidence at trial and that his sentence is unconstitutional.
 
 II.
 
 5
 McCarter claims that since Cox testified that he had a mere "buy-sell" agreement with McCarter and that McCarter never asked him to "drum" up business, the district court was required to instruct the jury that their agreement did not constitute a drug conspiracy. In light of this "agreement," McCarter claims that there was insufficient evidence to link him to the alleged conspiracy. In examining jury instructions, "the critical inquiry is whether the instructions as a whole provide the jury with sufficient guidance concerning the issues to be tried." Teal v. E.I. DuPont De Nemours and Co., 728 F.2d 799, 802 (6th Cir.1984). In addition, in reviewing challenges to the sufficiency of the evidence, we must affirm the jury's conviction if " 'after reviewing the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Oldfield, 859 F.2d 392, 299 (6th Cir.1988) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)).
 
 
 6
 At trial, both Cox and the government agents testified that McCarter supplied drugs to the agents. In addition, they testified that McCarter would accept the agents' money only if it passed through Cox. Finally, Cox testified that he had purchased drugs from McCarter on several occasions prior to the drug transactions involved in this case. Viewing this evidence in the light most favorable to the prosecution, we hold that a reasonable trier of facat could have found that McCarter was involved in a conspiracy to sell illegal drugs. Since this evidence could reasonably be interpreted to indicate that Cox and McCarter had more than a "mere" buy-sell arrangement, we further find that the jury instructions on this issue were sufficient. Accordingly, we reject McCarter's first claim.
 
 III.
 
 7
 McCarter next claims that the undercover agents engaged in "outrageous conduct" that violated his due process rights. Specifically, McCarter notes that Cox testified that the undercover agents shoplifted with him, helped him buy illegal drugs and watched him use illegal drugs. McCarter cites United States v. Russell, 411 U.S. 423 (1972), to support his claim that the agents' extensive involvement with, and control over, Cox's activities bars the Government from prosecuting him.
 
 
 8
 The Supreme Court in Russell, supra, while rejecting the claim presented by the defendant in the case, recognized that there may be situations "in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." 411 U.S. at 431-32. The Court stressed, however, that "in drug-related offenses[,] law enforcement personnel have turned to one of the only practicable means of detection: the infiltration of drug rings and a limited participation in their unlawful present practices. Such infiltration is a recognized and permissible means of investigation." United States v. Russell, 411 U.S. 423, 432 (1972) (emphasis added). Likewise, in United States v. Robinson, 763 F.2d 778 (6th Cir.1985), this court examined what type of police activity constitutes "outrageous police conduct" such that a criminal prosecution would violate a defendant's due process rights. In Robinson, we listed four factors to consider in making this determination: "the need for the type of police conduct, the impetus for the scheme, the control the government exerted over the criminal enterprise, and the impact of the police activity on the commission of the crime." Id. at 785. Finally, both Russell and Robinson acknowledge that government agents may be forced to take a limited role in an illegal conspiracy in order to gain the confidence of a targeted conspirator.
 
 
 9
 Turning to the instant action, although the government agent initiated the contact with Cox to arrange the drug purchases, the agent's conduct was necessary in order to determine whether Cox and others were distributing cocaine. Further, since Cox had purchased drugs from McCarter on prior occasions, and since Cox made the decision to contact McCarter, the agents were not impetus for the scheme. In addition, because the agents were unable to contact McCarter or directly deal with him, the government did not control the criminal conspiracy. Moreover, all of the alleged "outrageous" acts involve Cox rather than McCarter and, therefore, the acts had no direct impact on the drug purchases from McCarter. For these reasons, we do not believe that the undercover activities in this case are "shocking to the universal sense of justice." Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 246 (1960). Therefore, we reject McCarter's due process claim.
 
 IV.
 
 10
 In his next argument, McCarter claims that because Cox was unable to identify the cocaine exhibits that were introduced in evidence at trial as the actual cocaine that he allegedly sold to the agents, the district court should not have admitted this evidence. Since the government agents authenticated the cocaine exhibits, and since challenges to the chain of custody raise questions concerning the weight to be accorded to the evidence rather than the admissibility of the evidence, see e.g. United States v. White, 569 F.2d 263, 266 (5th Cir.), cert. denied, 439 U.S. 848 (1978), there was a sufficient basis for admitting this evidence. Therefore, we hold that the district court did not abuse its discretion in admitting this evidence.
 
 V.
 
 11
 McCarter's final claim presents two challenges to his sentence. His first challenge, that the Sentencing Guidelines are unconstitutional, was resolved by the Supreme Court in Mistretta v. United States of America, 109 S.Ct. 647 (1989), when the Court held that Congress did not violate the separation of powers doctrine when it created the United States Sentencing Commission. With respect to McCarter's claim that the Guidelines violate due process by depriving sentencing judges of the opportunity to consider mitigating factors, this court recently decided this issue in United States of America v. Allen, No. 88-5739 (6th Cir. May 4, 1989). The Allen court, following two other circuit courts of appeals, held that the Sentencing Guidelines do not violate due process and we specifically noted that the Guidelines state that judges can depart from the pre-determined sentences if the judge determines that aggravating or mitigating circumstances were not adequately considered by the commission. 18 U.S.C. Sec. 3553(b) (1982). Thus, pursuant to Mistretta and Allen, we reject McCarter's challenge to the constitutionality of the sentencing guidelines.
 
 
 12
 McCarter also challenges the district court's determination that his "base offense level" under the Sentencing Guidelines should be founded upon 128.1 grams of cocaine. Since Cox testified that he added approximately 56 grams of "filler" to the cocaine--allegedly at the request of the police informant--McCarter claims that the weight of the filler should not have been used against him in determining his sentence. Neither Cox nor McCarter have stated that any of the government agents told the informant to suggest that Cox add filler to the cocaine. Moreover, no other evidence corroborates Cox's allegation that the filler was added at the direction of the informant, or that the informant added the filler at the direction of the agents. Finally, Cox, rather than the informant, allegedly added the filler and this court has stated that the acts of one member of a conspiracy can be imputed to all members. See e.g. United States v. Adamo, 742 F.2d 927, 944 (6th Cir.1984), cert. denied, 469 U.S. 1193 (1985). Given these facts, the district court did not err in considering 128.1 grams of cocaine to determine McCarter's base offense level.
 
 VI.
 
 13
 Because we find all of McCarter's arguments to be without merit, we hereby AFFIRM McCarter's judgment and sentence in this case.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation