977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky A. HORSLEY, Plaintiff-Appellee,
v.
MODINE MANUFACTURING COMPANY, Defendant-Appellant.
 No. 92-5109.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and GILMORE, District Court Judge.*
 PER CURIAM.
 
 
 1
 In this diversity tort action, defendant Modine Manufacturing Company appeals the jury verdict for plaintiff Ricky A. Horsley and the denial of its motion for new trial or remittitur. We AFFIRM.
 
 
 2
 Plaintiff was injured while working at the plant of defendant. Horsley brought suit against the company and obtained a jury verdict for $114,000. Defendant argues that the district court should have charged the jury that plaintiff could be negligent per se for violating OSHA regulations. Defendant also argues that the verdict was excessive.
 
 
 3
 The district court correctly refused to charge the jury on negligence per se. Under Tennessee law, a person may not be held negligent per se unless that person breaches a duty imposed on him by a statute or regulation. Further, the injured party must be within the protected class of the statute or regulation. Teal v. E.I. Du Pont de Nemours and Co., 728 F.2d 799, 802 (6th Cir.1984). The statute and regulations cited by defendant impose duties on employers, not employees. See 29 U.S.C. § 654(b); 29 C.F.R. §§ 1926.28(a) & 1926.105(a). See also Bellamy v. Federal Express Corp., 749 S.W.2d 31, 34-35 (Tenn.1988); Wren v. Sullivan Electric, Inc., 797 F.2d 323, 326-27 (6th Cir.1986). Plaintiff could not be negligent per se for violating the statute and regulations because they impose no duty on him.
 
 
 4
 We likewise reject defendant's challenge to the jury award. The jury verdict is supported by material evidence, does not shock the conscience of the court, and does not indicate jury prejudice, passion, or bias. See Ellis v. White Freightliner Corp., 603 S.W.2d 125, 129 (Tenn.1980) (material evidence required to support a jury award); Bright v. Firestone Tire and Rubber Co., 756 F.2d 19, 21 (6th Cir.1984) (conflicting evidence does not support conclusion of jury passion or prejudice). The district court judgment is AFFIRMED.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Court Judge for the Eastern District of Michigan, sitting by designation