

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-058-CV

CHARLES HALL                                          APPELLANT

V.

JAMES H. DIEFFENWIERTH, II D/B/A TCI,                 APPELLEES
JAMES H. DIEFFENWIERTH, III D/B/A TCI
AND ROBERT DALE MOORE

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Charles Hall ("Hall") appeals from the trial court's judgment incorporating

a partial summary judgment rendered for appellees James H. Dieffenwierth, II

d/b/a TCI, James H. Dieffenwierth, III d/b/a TCI, and Robert Moore ("TCI" and

"Moore," respectively). TCI and Moore also filed a conditional cross appeal, in

---

[1] *See* TEX. R. APP. P. 47.4.

the event that we sustain Hall's issues.  Because we affirm the trial court's judgment, we do not reach TCI and Moore's cross appeal.

TCI is a trucking company.  On September 23, 2002, Hall, an independent contractor, was repairing a tractor trailer at TCI when Moore, a TCI employee, started the tractor's engine, partially severing Hall's left thumb and ring finger in the fan belt.

On February 18, 2003, Hall filed suit against TCI and Moore alleging negligence, negligence per se, and gross negligence causes of action.  Hall alleged that TCI was liable for Moore's acts under the theory of respondeat superior.

Both parties moved for partial summary judgment on both traditional and no evidence grounds, and the trial court granted summary judgment in favor of TCI and Moore.  The trial court's order provided that (1) Hall was an independent contractor and not a TCI employee, (2) the alleged Occupational Safety and Health Administration ("OSHA") violations did not constitute negligence per se, and (3) OSHA regulations or violations of OSHA regulations were not admissible as evidence of negligence by TCI.  The trial court dismissed all of Hall's negligence per se and premises defect claims[2] with prejudice and

---

[2] In his response to TCI and Moore's motion for partial summary judgment, Hall stated that he was not alleging a premises defect cause of

2

ordered Hall's attorney and all witnesses to refrain from mentioning any alleged OSHA violation.

On October 4, 2006, after a seven-day jury trial, the jury found that Hall was 100% negligent and that Moore and Dieffenwierth, II were 0% negligent.[3] Accordingly, the trial court entered a judgment that Hall recover nothing from Moore and Dieffenwierth, II.

In his first and second issues, Hall complains that the trial court should have granted his motion for partial summary judgment and denied TCI and Moore's motion for partial summary judgment. When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented.[4] The reviewing court should render the judgment that the trial court should have rendered.[5]

---

action.

[3] Hall nonsuited Dieffenwierth, III the morning of trial.

[4] *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

[5] *Id.*

We turn first to TCI and Moore's no evidence motion for partial summary judgment.[6] After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.[7] The motion must specifically state the elements for which there is no evidence.[8] The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.[9]

When reviewing a no evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.[10] If the nonmovant

---

[6] When a party moves for summary judgment under both rules 166a(c) and 166a(i), we first review the trial court's judgment under the no evidence standard of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

[7] TEX. R. CIV. P. 166a(i).

[8] *Id.; Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 207 (Tex. 2002).

[9] *See* TEX. R. CIV. P. 166a(i) & cmt.; *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002).

[10] *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006).

4

brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no evidence summary judgment is not proper.[11]

Hall asserted in his negligence claim that TCI owed a duty to him to comply with the OSHA regulations.[12] In one of its summary judgment grounds, TCI contended that it did not have a duty to comply with OSHA regulations because Hall was an independent contractor[13] and because TCI employees did not perform maintenance work on the tractors. The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by that breach.[14] A prerequisite to tort liability is

---

[11] *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

[12] Hall also asserted that he was entitled to summary judgment on his negligence claim because he conclusively proved that (1) TCI had a duty to comply with OSHA, (2) OSHA required TCI to implement a lockout/tagout procedure under OSHA, (3) TCI failed to implement a lockout/tagout procedure and maintain records and train employees regarding the lockout/tagout procedure, and (4) Hall did not have a duty to implement a lockout/tagout procedure.

[13] In his response to TCI and Moore's motion for partial summary judgment, Hall acknowledged that he was an independent contractor, not a TCI employee, when the incident occurred.

[14] *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).

the existence of a legally cognizable duty.[15] The plaintiff must establish both the existence and the breach of a duty owed to plaintiff by the defendant to establish liability.[16] Whether a duty exists is a question of law for the court to decide from the facts surrounding the occurrence in question.[17]

Hall argues that OSHA regulations required TCI to implement a lockout/tagout procedure.[18] Hall cites 29 C.F.R. § 1910.147(a)(3), which provides that "[t]his section requires employers to establish a program and utilize procedures for affixing appropriate lockout devices or tagout devices to energy isolating devices, and to otherwise disable machines or equipment to prevent unexpected energization, start-up or release of stored energy in order to prevent injury to employees."[19]

Hall asserts that TCI had a duty to comply with 29 C.F.R. § 1910.147 because TCI employees performed maintenance and inspections on the tractors. Hall cites to *Teal v. E.I. DuPont de Nemours & Co.*, a Sixth Circuit opinion,

---

[15] *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996).

[16] *Greater Houston Transp. Co. v. Philips*, 801 S.W.2d 523, 525 (Tex. 1990).

[17] *Id.*

[18] 29 C.F.R. § 1910.147(a)(3) (2002).

[19] *Id.*

6

which states that an employer is obligated to protect independent contractors once the employer is required to comply with OSHA regulations, to support his contention.[20]

Hall also points to Moore's and Dieffenwierth, III's depositions as support for this theory. However, Moore did not testify that TCI employees performed maintenance on the tractors at TCI. Although Moore did state that there were times when he would make minor repairs to the tractor when he was on the road, this testimony does not establish that TCI employees performed maintenance and repairs on the tractors at TCI. Additionally, Moore's statement that he worked as a yard man changing oil and grease when he began working at TCI in 1986 or 1987 is not evidence that TCI employed mechanics in 2002, when the accident occurred. Moore stated that he did not perform any "skilled mechanic's work." In fact, Moore stated that before Hall began performing maintenance work on the tractors, TCI would take the tractors to Kenworth, Peterbilt, or Cummins to be repaired.

Additionally, Dieffenwierth, III testified in his deposition that Moore did not repair the tractors, but rather "directed and instructed" Hall in what needed to be repaired. Dieffenwierth, III explained that Moore would walk outside to

---

[20] 728 F.2d 799, 805 (6th Cir. 1984).

tell Hall what the problem was with a tractor or to hear Hall's diagnosis and then go back inside. Hall fails to point to any evidence to establish that TCI employees performed repairs on the tractors at TCI, thereby requiring TCI to comply with OSHA regulations. Therefore, we conclude that Hall failed to produce more than a scintilla of evidence that TCI had a duty to comply with the OSHA regulation based on the allegation that TCI employees performed maintenance duties.

Next, Hall contends that the trial court should have granted his motion for partial summary judgment on the issue of negligence per se and denied TCI and Moore's motion. Hall asserts that OSHA regulations impose a nondelegable duty on TCI to maintain a lockout/tagout procedure for all energy isolating devices. Hall again cites 29 C.F.R. § 1910.147(a)(3) of OSHA to support his contention. Hall also cites to a directive issued by OSHA regarding its multi-employer citation policy, which provides that an employer who has general supervisory authority over the worksite, including the power to correct safety and health violations or to require others to correct them, must exercise reasonable care to prevent and detect violations on the site.[21]

---

[21] OCCUPATIONAL SAFETY & HEALTH ADMIN., U.S. DEP'T OF LABOR, DIRECTIVE NUMBER CPL 2-0.124, MULTI-EMPLOYER CITATION POLICY (1999), *available at* http://www.osha.gov/pls/oshaweb/owadisp.show_document?p_table=DIRE CTIVES&p_id=2024#PURPOSE.

8

However, the Fifth Circuit has held that regulations promulgated under the OSHA statute neither create an implied cause of action nor establish negligence per se.[22] Further, Texas courts have held that our common law is not expanded by OSHA regulations.[23]

Additionally, the cases cited by Hall do not support his contention that TCI had a nondelegable duty to provide for lockout/tagout procedures. In *Teal*, the Sixth Circuit held that a breach of OSHA's specific duty clause is negligence per se only if the party injured is a member of the class of persons OSHA was intended to protect.[24]

The *Teal* court, interpreting 29 U.S.C. § 645(a)(2),[25] extended to employees of an independent contractor the same duty owed to an employer's

---

[22] *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 707 (5th Cir. 1981); *see also McClure v. Denham*, 162 S.W.3d 346, 353 (Tex. App.—Fort Worth 2005, no pet.) (citing *Melerine*, 659 F.2d at 707).

[23] *McClure*, 162 S.W.3d at 353; *Richard v. Cornerstone Constructors, Inc.*, 921 S.W.2d 465, 468 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (op. on reh'g); *Hill v. Consol. Concepts, Inc.*, No. 14-05-00345-CV, 2006 WL 2506403, at *4 (Tex. App.—Houston [14th Dist.] Aug. 31, 2006, pet. denied) (mem. op.); *see also* OCCUPATIONAL SAFETY & HEALTH ADMIN., U.S. DEP'T OF LABOR, DIRECTIVE NUMBER CPL 2-0.124(IX)(B), MULTI-EMPLOYER CITATION POLICY (Stating that the revision does not impose any new duties on employers).

[24] 728 F.2d at 805; *see also Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473, 477 (6th Cir. 1995) (quoting *Teal*).

[25] "Each employer . . . shall comply with occupational safety and health standards promulgated under this chapter." 29 U.S.C. § 645(a)(2) (1970).

9

own employees. The Sixth Circuit concluded, "In our view, once an employer is deemed responsible for complying with OSHA regulations, it is obligated to protect every employee who works at its workplace," such that Teal, an employee of an independent contractor, had to be considered a member of the class of persons that the special duty provision was intended to protect.[26] In *Ellis*, the Sixth Circuit clarified *Teal*, stating that it does not impose an unlimited duty on an employer to protect anyone who happens upon any portion of an employer's property, but simply provides that a breach of an OSHA specific duty can be negligence per se *if* the party injured is in the class the statute intended to protect.[27] The *Ellis* court determined that an OSHA violation did not constitute negligence per se because Ellis presented no evidence that Chase had a duty to protect its own employees.[28]

Here, Hall admitted that he was an independent contractor, and he has failed to present any evidence that TCI had any employees engaged in tractor maintenance and inspection at TCI. Therefore, because TCI had no duty to follow the OSHA regulation with regard to its own employees and the lockout/tagout procedure, there was no duty to extend to Hall.

---

[26] 728 F.2d at 804-05.

[27] 63 F.3d at 477.

[28] *Id.* at 478.

Furthermore, in Texas, the *Teal* reasoning has only been considered persuasive with regard to extending the protection of 29 U.S.C. § 654(a)(2) to all work site employees when "the OSHA violation is the result of a premise[s] defect or arises from an activity under the control of the general contractor."[29] Hall failed to present any evidence of a premises defect, and, contrary to his assertion in his brief that "there is no question that the activity at issue was controlled by TCI," the summary judgment evidence presented to the trial court was sufficient for the trial court to conclude otherwise.

Our review of the summary judgment record shows that Hall failed to produce more than a scintilla of evidence that demonstrates that TCI should have had a lockout/tagout procedure. Specifically, Hall failed to show that TCI employees were involved in the maintenance of the tractor at TCI and therefore owed him a duty of care to ensure that he would not be injured while doing his work. Because there is no evidence that TCI owed Hall any duty, the trial court did not err by granting TCI and Moore's partial summary judgment on Hall's negligence and negligence per se issues. Additionally, the trial court did not err

---

[29] *Richard*, 921 S.W.2d at 468 (holding that neither of those circumstances existed where the faulty scaffolding was installed and utilized by the independent contractor's crew, which had the responsibility to ensure that the materials they chose conformed with OSHA standards).

11

by denying Hall's motion for partial summary judgment.[30]  Accordingly, we overrule Hall's first and second issues.

In Hall's third, fourth, and fifth issues, he argues that the trial court should have (1) allowed his expert to testify at trial regarding OSHA regulations, (2) allowed his requested jury instruction that a violation of OSHA regulations was some evidence of negligence, and (3) granted his motion for new trial because OSHA applied to TCI's conduct.  As illustrated above, however, TCI had no duty to conform to 29 C.F.R. § 1910.147(a)(3) of OSHA.[31]  As such, TCI did not violate any OSHA regulation by not implementing a lockout/tagout procedure.  Therefore, the trial court did not abuse its discretion by refusing to allow Hall's expert to testify with regard to the OSHA regulations,[32] refusing to

---

[30] Because we determine that TCI did not have a duty to comply with 29 C.F.R. § 1910.147, we need not address Hall's remaining grounds in his motion for summary judgment.  *See* TEX. R. APP. P. 47.1; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

[31] *See* 29 C.F.R. § 1910.147(a)(3).

[32] *Helena Chemical Co. v. Wilkins*, 47 S.W.3d 486, 499 (Tex. 2001) ("A two-part test governs whether expert testimony is admissible:  (1) the expert must be qualified; and (2) the testimony must be relevant and be based on a reliable foundation . . . [t]he trial court has broad discretion to determine admissibility.").

submit Hall's jury instruction,[33] and refusing to grant a new trial.[34]  We overrule

Hall's third, fourth, and fifth issues.

Having overruled all of Hall's issues, we affirm the trial court's judgment.


PER CURIAM

PANEL A:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED:  June 12, 2008

---

[33] *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987) ("A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion.").

[34] *Town of Flower Mound v. Teague*, 111 S.W.3d 742, 758 (Tex. App.—Fort Worth 2003, pet. denied) ("The standard of review for alleged jury charge error is abuse of discretion.").