**Harmon Q. RICHARD, Carolyn Richard, and Lumbermens Mutual Casualty Company, Appellants,**

v.

**CORNERSTONE CONSTRUCTORS, INC., Appellee.**

**No. 01–94–00764–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 18, 1996.

John P. Cahill, Jr., David Funderburk, Houston, for appellants.

Jennifer Hogan, Andrew L. Pickens, Houston, for appellee.

Before PRICE,* FARRIS ** and TAFT, JJ.

## OPINION ON MOTION
## FOR REHEARING

TAFT, Justice.

On August 31, 1995, we issued an opinion affirming a take-nothing judgment rendered in favor of appellee, Cornerstone Constructors, Inc. (Cornerstone). Appellants, Harmon and Carolyn Richard (the Richards), and intervenor, Lumbermens Mutual Casualty Company (Lumbermens), filed motions for rehearing. We overrule these motions, but withdraw our previous opinion and issue this opinion in its stead.

We are asked to decide whether a general contractor has a duty to the employees of a subcontractor to comply with Occupational Safety and Health Administration (OSHA) regulations affecting safety at the construction site. Under the facts of this case, we find no such duty.

We affirm.

### Facts

Harmon Richard (Richard) was injured on October 4, 1990, when he fell about 15 feet from a scaffold while at work renovating an apartment complex. The apartments were

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

** The Honorable David F. Farris, former Justice, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

owned by Duddlesten Realty, which hired Cornerstone to supervise renovation of the apartments. Cornerstone engaged five subcontractors for the renovation project. Garcia Construction (Garcia) contracted to do the carpentry work and, in turn, hired several carpentry crews. Richard was part of one such carpentry crew. Danny Benak was the construction manager for Cornerstone; he remained at the site at all times to oversee the renovation. The contract between Cornerstone and Garcia stipulated that Garcia would provide all materials and tools for the job.

The accident occurred when the scaffolding board, on which Richard was standing, broke. He had obtained the board from an impound area located behind the construction project. It is uncontroverted that Cornerstone owned the board. However, the scaffolding equipment that Richard used belonged not to Cornerstone or Garcia, but to Lynn Walters, the head of Richard's carpentry crew. Whether Benak told Richard that he could obtain a board from the impound area was controverted. It was uncontroverted, however, that the board in question did not meet OSHA standards for use as scaffolding.

### Points of Error

In two points of error, the Richards argue: (1) the district court erred in refusing to submit the requested instructions on negligence per se and defining negligence with regard to Cornerstone; and (2) alternatively, the district court erred in refusing to submit the requested instruction that violation of OSHA regulations was some evidence of negligence. Appellants' points of error hinge on whether a general contractor at a construction site owes a duty to the employees of a subcontractor to ensure that OSHA safety standards are complied with at the work site.

Lumbermens raises 18 points of error alleging the evidence was legally and factually insufficient to sustain the judgment.

### Standard of Review

■ A party is entitled to submission of controlling issues to the jury. Tex.R.Civ.P. 278; *Moore v. Lillebo,* 722 S.W.2d 683, 686–87 (Tex.1987). Therefore, the court must submit the questions, instructions, and definitions that are raised by the written pleadings and the evidence. Tex.R.Civ.P. 278; *Elbaor v. Smith,* 845 S.W.2d 240, 243 (Tex.1992).

### Negligence Per Se

■ In appellants' first point of error, they argue that the district court erred in refusing to submit the requested jury instructions on negligence per se and defining negligence with regard to Cornerstone.

■ "Negligence per se is a tort concept whereby a legislatively imposed standard of conduct is adopted by the civil courts as defining the conduct of a reasonably prudent person." *Moughon v. Wolf,* 576 S.W.2d 603, 604 (Tex.1978). An unexcused violation of a statute constitutes negligence as a matter of law if the statute violated was designed to prevent injury to the class of persons to which the injured party belongs. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985).

The Richards propose we adopt section 654(a) of the OSHA regulations, which states:

(a) Each employer—

    (1) shall furnish to each of his employees employment and place of employment which are free from recognized hazards that are likely to cause death or serious physical harm to his employees;

    (2) shall comply with occupational safety and health standards promulgated under this act.

29 U.S.C.A. § 654(a)(1), (2). They contend that the second duty imposed by OSHA is a specific duty to comply with occupational safety and health standards promulgated under the Occupational Safety and Health Act of 1970. They further maintain that nothing in the statute suggests that this duty runs only to an employer's own employees.

■ In Texas, a general contractor, who is in control of the premises on a construction site, is charged only with the same duty as an owner or occupier. *Redinger v. Living, Inc.,* 689 S.W.2d 415, 417 (Tex.1985). An owner or occupier of land has a duty to use reasonable care to keep the premises under

his control in a safe condition. *Id.* The *Redinger* Court reasoned that there are two situations when a general contractor can be liable for negligence: (1) those arising from a premise defect; and (2) those arising from an activity. *Id.* Where the activity is conducted by, and is under the control of, an independent contractor, and where the danger arises out of that activity, the responsibility or duty is that of the independent contractor, not the owner or occupier of land. *Id.* at 418 (citing *Shell Chem. Co. v. Lamb,* 493 S.W.2d 742 (Tex.1973)).

■ In *Redinger,* a subcontractor's employee was injured by a different subcontractor's employee on a construction site. *Redinger,* 689 S.W.2d at 417. The court held the general contractor liable for the injuries, because an agent of the general contractor, who was supervising the construction site, negligently ordered that certain work be performed. The injury was a result of that work. *Id.* at 418. Appellants suggest that we should not look to *Redinger* for guidance because *Redinger* did not involve any statutory or regulatory duty. However, *Redinger* accurately states the common law of Texas as it applies to a general contractor's liability regarding activities under the control of an independent contractor. A state's common law duties are not expanded by OSHA regulations.[1]

The general contractor has the same duty as the owner or occupier of land, and we decline to extend this duty to include ensuring that subcontractors follow OSHA safety standards.

In support of their position, the Richards cite *Teal v. E.I. Dupont De Nemours & Co.,* 728 F.2d 799 (6th Cir.1984) (independent contractor's employee fell from a ladder that was permanently affixed to the Dupont building), and *Arrington v. Arrington Bros. Constr.,* 116 Idaho 887, 781 P.2d 224 (1989) (while doing electrical work as required by the contract, Arrington fell 16 feet from a

scaffold owned and erected by the general contractor). In both cases, however, the injury resulted from either a premise defect or activity over which the general contractor had some control.

We find the reasoning in *Teal* persuasive to the extent that the protection of 29 U.S.C.A. § 654(a)(2) should extend to all employees on a work site, provided that the OSHA violation is the result of a premise defect or arises from an activity under the control of the general contractor. However, neither of those circumstances exists in this case. The supervision of Danny Benak in this case cannot be construed as an activity which caused the injury to Richard. It was the independent contractor's responsibility to supply scaffolding, and ultimately his choice as to which boards were used. The fact that Cornerstone *owned* a "No. 3 grade" board which Richard chose to use as a scaffolding board does not constitute an "activity" or "premise defect" as explained by *Redinger.* The scaffolding in this case was installed and utilized by the independent crew; they had the responsibility to ensure that the materials they chose to use conformed with OSHA standards. Accordingly, we hold that, under the facts of this case, 29 U.S.C.A. § 654(a)(2) was not applicable as a matter of law.

Therefore, the district court did not err by refusing instructions to the jury regarding negligence per se. We overrule the appellants' first point of error.

### Some Evidence of Negligence

■ In appellants' second point of error, they argue that the district court erred in refusing to submit the requested jury instruction that a violation of OSHA regulations was some evidence of negligence. As illustrated above, Cornerstone had no duty to ensure their independent contractors conformed with OSHA regulations. Accordingly, Cornerstone did not violate any OSHA regulation by *Richard's use* of "No. 3 grade" lumber as a scaffolding board. Therefore,

---

1. 29 U.S.C.A. § 653(b)(4) reads: "Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any manner the common law or statutory rights, duties, or liabilities of employers and employees under any

law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." *See also Canape v. Petersen,* 897 P.2d 762 (Colo.1995) (explaining application of the act).

the district court did not err by refusing the jury instruction. We overrule the appellants' second point of error.

### Intervenor's Points of Error

We also overrule the 18 points of error in which Lumbermens raises legally and factually insufficient evidence. Lumbermens does not support these points with argument and authority as required by TEX. R.APP.P. 74(f). Although ·courts generally construe the briefing rules liberally, a point of error unsupported by the citation of any authority presents nothing for this Court to review. *Raitano v. Texas Dept. of Public Safety,* 860 S.W.2d 549, 554 (Tex.App.— Houston [1st Dist.] 1993, writ denied).

We affirm the trial court's judgment.