NO. 07-02-0185-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 5, 2003



______________________________




WELDON WYKE TURPIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 184TH DISTRICT COURT OF HARRIS COUNTY;



NO. 868868; HONORABLE JAN KROCKER, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

ORDER DIRECTING FILING OF SUPPLEMENTAL 


REPORTER'S RECORD AND ON MOTION FOR EXTENSION OF TIME



 Appellant was convicted by a jury of kidnapping and punishment was assessed at
life imprisonment. After the clerk's record and reporter's record were filed, appellant was
granted four extensions of time in which to file his brief. Pending before this Court is
appellant's fifth request by which he asserts that his video-taped statement (State's Exhibit
44 at volume 7, page 23) which was introduced by the State and admitted into evidence
was not included in the appellate record.

 We grant appellant's motion and order exhibit clerk, Mel Vasquez, to include State's
Exhibit 44 in a supplemental reporter's record to be filed as part of the appellate record no
later than Friday, February 14, 2003. Appellant's request for an extension of time in which
to file his brief is hereby extended to Friday, March 7, 2003, with the admonition that no
further extensions will be granted.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



 for want of prosecution. 

 Dr. Plummer filed her brief by the required date, but it failed to comply with the
Rules of Appellate Procedure in numerous respects (e.g., no identity of parties and
counsel, no table of contents, no index of authorities, no statement of the case, no
summary of the argument, no citations to legal authority or the record, and no appendix). 
She was then advised by document dated December 13, 2002, that she should file a brief 
in compliance with Rule of Appellate Procedure 38.1 and any other applicable rules by
December 27, 2002, or the appeal would be dismissed. On December 27, appellant filed
her third brief. However, it still failed to comply with the Rules of Appellate Procedure in
that it contained only sporadic citation to the record (despite her lengthy allusions to
purported facts appearing of record) and no citation to any legal authority to support her
ten issues. See Tex. R. App. P. 38.1(h). That she knew of her duty to cite to legal
authority is exemplified by her statement in her brief that she cited to none because "[s]he
is not an attorney and is not trained as an attorney." Why she was unable to visit the
Potter County Law Library and conduct research on her own, as do other lay people, goes
unexplained. Similarly unexplained is whether the doctor lacked the physical or
educational ability to read, understand indexes and tables of content, or otherwise conduct
research on her own behalf. Simply stating that one opts to forego researching the law
because he is not an attorney is unacceptable, especially when 1) that person has an
education, 2) that person illustrates no effort to discover or obtain pertinent authority, and
3) the law is one of the most indexed bodies of writing in existence. 

 A point of error unsupported by citation of any legal authority presents nothing for
the court to review. Marsh v. Wallace, 924 S.W.2d 423, 425 (Tex. App.--Austin 1996, no
writ); Richard v. Cornerstone Constructors, Inc., 921 S.W.2d 465, 469 (Tex.
App.--Houston [1st Dist.] 1996, writ denied). Further, pro se litigants are held to the same
standards as licensed attorneys and must comply with all applicable rules of procedure. 
Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied). 
Next, upon flagrant violation of the briefing rules and the litigant's tender of a second non-conforming brief, we may strike the brief, prohibit the party from filing another, and proceed
as if the party failed to file a brief. Tex. R. App. P. 38.9(a). And, if an appellant fails to
timely file a brief, the appeal may be dismissed for want of prosecution. Tex. R. App. P.
38.8(a)(1). 

 Finally, as judges, we are to be neutral and unbiased adjudicators of the dispute
before us. Our being placed in the position of conducting research to find authority
supporting legal propositions uttered by a litigant when the litigant has opted not to search
for same runs afoul of that ideal, however. Under that circumstance, we are no longer
unbiased, but rather become an advocate for the party.

 Our having thrice given Dr. Plummer opportunity to comply with the briefing
requirements of the Texas Rules of Appellate Procedure, our having warned her at least
twice about the consequence of her failing to comply, her having thrice failed to tender a
brief that complies with those rules while recognizing her obligation under those rules, and
her having failed to reasonably explain why she chose not to comply, we hereby dismiss
the appeal for want of prosecution.


 


 Per Curiam

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon 1998).