Dismissed and Memorandum Opinion filed October 14, 2004









Dismissed and Memorandum Opinion filed October 14,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00349-CV

____________

 

JEROME F.
WHITE, Appellant

 

V.

 

HARVEST CREDIT
MANAGEMENT V,

a Colorado Limited Liability
Corporation, Appellee

 



 

On Appeal from the County Civil
Court at Law No. 1

Harris County,
Texas

Trial Court Cause No.
807,933

 



 

M E M O R A N D U M  O
P I N I O N

This is an appeal from a default judgment signed March 10,
2004.  Appellant=s brief was due June 21, 2004.  See Tex.
R. App. P. 38.6(a).  No brief or
motion for extension of time was filed. 
Accordingly on July 15, 2004, this court ordered that unless appellant
submitted his brief, and a motion reasonably explaining why the brief was late,
to the clerk of this court on or before August 16, 2004, the court would
dismiss the appeal for want of prosecution. 
See Tex. R. App. P. 42.3(b).  








On August 12, 2004, appellant, who is pro se, filed a
letter with the court explaining that he had filed a brief in the trial
court on April 5, 2004.  Briefs on
appeal are required to be filed with the clerk of the court of appeals.  Appellant attached a copy of the document he
refers to as a brief that was filed at the court below.  The letter does not comply with the requirements
for briefs contained in the Texas Rules of Appellate Procedure.  Specifically, the brief is not in the correct
format as required by Rule 9.4 and it does not contain the required contents
listed in Rule 38.1.  See Tex. R. App. P. 9.4, 38.1.

Accordingly, on August 19, 2004, the court granted appellant=s request for an extension of time to
file a brief that conforms to the Texas Rules of Appellate Procedure.  By order issued that date, the court informed
appellant that unless he filed a brief in compliance with the rules with the
clerk of this court on or before September 17, 2004, the Court would dismiss
the appeal.  See Tex. R. App. P. 42.3(c).  

On September 16, 2004, appellant tendered a brief that did
not comply with the Texas Rules of Appellate Procedure.  The brief was returned to appellant for
correction.  See Tex. R. App. P. 9.4(i) (permitting
court to return nonconforming documents for correction).  On September 23, 2004, appellant submitted
another nonconforming brief, which was also returned for correction.  On September 30, 2004, appellant filed a
brief that complies with the rules of form. 
See Tex. R. App. P. 9.4.  The brief fails to comply, however, with the
briefing requirements set forth in Texas Rule of Appellate Procedure 38.1.  Most significantly, appellant has failed to
make any legal arguments to support reversal of the judgment, and the brief
contains no citations to the record or to legal authorities.  Tex.
R. App. P. 38.1(h).  








While appellant complains about the unfairness of the
judgment against him, he provides no legal reason to set aside the default
judgment entered by the trial court. 
While we are not unsympathetic to appellant=s position, a point of error
unsupported by citation of any legal authority presents nothing for the court
to review.  See Richard v. Cornerstone
Constructors, Inc., 921 S.W.2d 465, 469 (Tex. App.CHouston [1st Dist.] 1996, writ
denied).  Pro se litigants are held to
the same standards as licensed attorneys, and they must therefore comply with
all applicable rules of procedure.  Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184‑85 (Tex. 1978) (holding that
litigants who represent themselves must comply with procedures established by
rules notwithstanding fact that they are not licensed attorneys);  Sedillo v. Campbell, 5 S.W.3d
824, 829 (Tex. App.CHouston [14th Dist.] 1999, no pet.);  Kanow v. Brownshadel, 691 S.W.2d 804,
806 (Tex. App.CHouston [1st Dist.] 1985, no writ).

If a party files a brief that does not comply with the rules,
and that party files an amended brief that likewise does not comply with the
rules, as here, Athe court may strike the brief, prohibit the party from
filing another, and proceed as if the party had failed to file a brief.@ 
Tex. R. App. P.
38.9(a).  Where a party fails to file a
brief, Rule 38.8 allows the appellate court to dismiss the appeal for want of
prosecution.  Tex. R. App. P. 38.8(a)(1); 
Harkins v. Dever Nursing Home, 999 S.W.2d 571, 573 (Tex. App.CHouston [14th Dist.] 1999, no pet.)

Accordingly, we strike appellant=s non-conforming brief and order the
appeal dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed October 14, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore.