**Appellee's motion to strike granted, appellee's motion for damages denied, appeal dismissed, and Memorandum Opinion filed September 19, 2023.**



**In The**

# Fourteenth Court of Appeals

_____

**NO.   14-22-00635-CV**
_____

## IN THE INTEREST OF F.L.W. AND K.B.W., CHILDREN

**On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2021-01013**

### MEMORANDUM OPINION

This is an appeal from a judgment signed August 17, 2022.   Appellant's brief was originally due January 26, 2023, though he was ultimately given until May 18, 2023 to file a brief. When he was given his final extension, he was instructed that failure to file his brief by that deadline would leave the appeal subject to dismissal without further notice for want of prosecution.   *See* Tex. R. App. P. 42.3(b).

On May 18, 2023, appellant, proceeding pro se, tendered a brief but the brief failed to comply with the briefing requirements set forth in Texas Rule of Appellate Procedure 38.1.   Most significantly, appellant failed to make any legal arguments

to support reversal of the judgment, and the brief contained no citations to the record or to legal authorities.   Tex. R. App. P. 38.1(h). On July 11, 2023, this court ordered appellant to file a brief complying with Texas Rule of Appellate Procedure 38 within 21 days, and further advised appellant that if he did not do so, the court could strike the brief, prohibit appellant from filing another brief, and proceed as if appellant had failed to file a brief, thus leaving the appeal subject to dismissal for want of prosecution without further notice.   *See* Tex. R. App. P. 38.8(a)(1).

Appellant filed another brief on August 1, 2023.   That brief led to appellee filing a motion to strike the brief due to noncompliance with Rule 38.   We conclude the motion has merit as appellant has failed to file a compliant brief.   In particular, appellant provides no legal reason to set aside the judgment entered by the trial court. A point of error unsupported by citation of any legal authority presents nothing for the court to review.   *See Richard v. Cornerstone Constructors, Inc.*, 921 S.W.2d 465, 469 (Tex. App.—Houston [1st Dist.] 1996, writ denied).   Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure.   *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) (holding that litigants who represent themselves must comply with procedures established by rules notwithstanding fact that they are not licensed attorneys);   *Sedillo v. Campbell***,** 5 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 1999, no pet.);   *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ).

If a party files a brief that does not comply with the rules, and that party files an amended brief that likewise does not comply with the rules, as here, "the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief."   Tex. R. App. P. 38.9(a).   Where a party fails to file a

2

brief, Rule 38.8 allows the appellate court to dismiss the appeal for want of prosecution. Tex. R. App. P. 38.8(a)(1); *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Accordingly, we grant appellee's motion to strike, strike appellant's non-conforming brief, and order the appeal dismissed. We further deny appellee's motion for damages.

PER CURIAM

Panel Consists of Justices Wise, Zimmerer, and Wilson.